UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHONE FOSTER,      Plaintiff, | ) ) ) | |
| v. | ) ) | 16-CV-3315 |
| CITY OF SPRINGFIELD, IL,      Defendants. | ) ) ) | |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff filed this case from the Sangamon County Jail. He has since been released, but the Court must still conduct a merit review of his complaint pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that systemic overcrowding at the Sangamon County Jail has caused inhumane conditions at the Jail. The conditions include but are not limited to: three men to a cell intended for one; sleeping on the floor where Plaintiff was stepped on and urine splashed on him from the toilet; infectious maggots that bite; black mold; "bio-gases" released from the plumbing; no ventilation in the showers; fungus in the showers; lack of recreation/exercise opportunities; exposure to staph and other infectious bacteria; inadequate medical treatment; an unreliable grievance system; and the lack of an adequate legal library. He alleges that the totality of these conditions violates his constitutional right to humane treatment.

No constitutional right exists to an effective grievance system. *See* Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996)("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.") Additionally, the lack of an adequate legal library is not actionable unless Plaintiff was hampered from pursuing a nonfrivolous claim, which he does

not allege.  In re Maxy, 674 F.3d 658,  (7th Cir. 2012)( to state an access claim, a prisoner "must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim.")

However, the remainder of Plaintiff's allegations state a plausible claim that the conditions of the Jail violate constitutional standards.  A plausible inference arises that the Sheriff and the Jail administrators were aware of and had the authority to address these conditions.  Plaintiff does not explain how the other individual officers were personally responsible for those conditions or how they had the authority to improve those conditions.  At this point the case will proceed against all named Defendants, but Defendants may file a motion to dismiss to flesh out the allegations against them.  Sangamon County will be substituted for the City of Springfield, since the allegations involve the Sangamon County Jail.

**IT IS THEREFORE ORDERED:**

1)   Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a constitutional claim for inhumane conditions at the Sangamon County Jail.   This case proceeds solely on the claims identified in this paragraph.

Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said

Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5)   Defendants shall file an answer or a motion to dismiss within 60 days of the date the waiver is sent by the Clerk. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6)   This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery

requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8)   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9)   If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant

to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The City of Springfield is dismissed.**

12) **Sangamon County is added as a Defendant.**

13) **The clerk is directed to terminate the City of Springfield and to add Sangamon County as a Defendant.**

14) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

15) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED:  January 24, 2017

FOR THE COURT:

                                               s/Sue E. Myerscough
                                              SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE